CRONIN v. AMERICAN LINEN CO.

(Circuit Court, D. Rhode Island. September 11, 1906.)

No. 2,809.

NEGLIGENCE—ACTS OR OMISSIONS CONSTITUTING NEGLIGENCE—MANNER OF PACKING GOODS FOR SHIPMENT.

A shipper of goods packed in bales and tied with ropes is under no duty to the carrier or its servants to see that the ropes are strong enough to withstand a pull sufficient to move the bale, nor is a bale not tied with ropes having such strength such an inherently dangerous thing as to render the shipper liable for an injury to a teamster who threw his weight upon the rope in moving the bale while on his wagon with such force that when the rope broke he fell to the ground.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 27.]

At Law. On demurrer to declaration.

John P. Beagan, for plaintiff.
James M. Morton, Jr., for defendant.

BROWN, District Judge. The declaration alleges that the plaintiff, while engaged as a teamer in carting bales of cloth weighing from 300 to 400 pounds, took hold of one of the ropes by which a bale was secured, and pulled upon it in order to adjust said bale in position upon his wagon; that the rope broke, throwing the plaintiff from a great height to the ground, fracturing his leg, and inflicting other injuries. The negligence with which the defendant is charged is the failure to use a rope sufficiently strong to move the bale, or to support the plaintiff and keep him from falling.

It seems to be a novel proposition that a shipper of goods, tied in bales by means of ropes drawn lengthwise and crosswise, is bound to see that each of these ropes is strong enough to withstand a pull sufficient to move the bale, or to support and keep from falling a man who throws his weight upon the rope in moving the bale. It also seems a novel proposition that a carrier or a teamster is entitled to assume that he may safely pull upon such a rope, and to entrust his bodily safety to it by placing himself in such a position that if the rope breaks he will suffer a fall. No authority has been cited to sustain either of these propositions.

It is alleged that said ropes "furnished the only reasonable and practicable means of hauling and manipulating" said bale; that the defendant knew or ought to have known that the bale was subject to be hauled by the ropes; and it is argued that the defendant held forth "the implied invitation that this bale was securely held, and that the plaintiff, relying upon that implied invitation, was injured."

It is a matter of common knowledge that pulling upon one of the ropes used for the purpose of tying together a bale of this kind is not the "only reasonable and practicable means of handling it;" and the demurrer cannot be regarded as admitting an allegation to this effect. A bale of this kind may be handled by the hands of a sufficient number of men, or by suitable ropes or tackle furnished by the carrier; and it is ordinarily the duty of a carrier who has

received goods to exercise his own judgment as to the means of handling the goods, and to provide such means. The plaintiff was not a servant or employé of the defendant, and the defendant owed him no duty to provide him with appliances suitable for moving the bale.

The doctrine of implied invitation or assurance and reliance thereon is entirely inapplicable to a case of this kind. Assuming the truth of the allegation that the defendant had knowledge that it was customary to pull upon the ropes in moving the bales, such knowledge did not convert it into an insurer of the sufficiency of the ropes for the purposes of the carrier or its servants, or relieve the carrier or its servants from taking ordinary care to see that a rope used for tying was also sufficient to support such a pull as was necessary in moving the bale.

It cannot be said that a bale tied with ropes sufficient to secure it, but not sufficient to haul it by, is in its nature so imminently dangerous as to require it to be classed with "inherently dangerous things," like explosives.

Assuming that a reasonable man should have foreseen the possibility that in the course of handling a workman might seize and pull upon the rope without examining it and break it, it does not follow that a reasonable man should have guarded against so remote a risk as that the workman should blindly trust himself to the support of the rope while in a position where a break would expose him to a dangerous fall.

In Pollock on Torts, pp. 36, 37 (quoted with approval in the opinion of the Circuit Court Appeals for this circuit in Berlin Mills v. Croteau, 88 Fed. 860), 32 C. C. A. 126, it is said:

"A reasonable man can be guided only by a reasonable estimate of probabilities. If men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all," etc.

In McCaffrey v. Mossberg & Granville Mfg. Co., 23 R. I. 381, 50 Atl. 651, the general rule is stated:

"That where the cause of the injury is not in its nature imminently dangerous; where it does not depend upon fraud, concealment, or implied invitation; and where the plaintiff is not in privity of contract with the defendant, an action for negligence cannot be maintained."

The declaration does not show any breach of a duty owed by the defendant to the carrier or its servants, and does not show that the defendant recklessly or negligently exposed the plaintiff to danger from "an inherently dangerous thing."

Demurrer sustained.